ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of -- | ) | |
| | ) | |
| Halbert Construction Company, Inc. | ) | ASBCA Nos. 62250, 62251 |
| | ) | |
| Under Contract No.  W912PL-10-D-0114 | ) | |

APPEARANCE FOR THE APPELLANT:        Jason R. Thornton, Esq.
                                     Finch, Thorton, & Baird, LLP
                                     San Diego, CA

APPEARANCES FOR THE GOVERNMENT:      Michael P. Goodman, Esq.
                                       Engineer Chief Trial Attorney
                                     John F. Bazan, Esq.
                                     Brian M. Choc, Esq.
                                       Engineer Trial Attorneys
                                       U.S. Army Engineer District, Los Angeles

OPINION BY ADMINISTRATIVE JUDGE WILSON ON THE GOVERNMENT'S
MOTIONS TO DISMISS

        The government moves to dismiss ASBCA Nos. 62250 and 62251 for failure to state a claim upon which relief could be granted and for lack of subject matter jurisdiction stemming from alleged insufficiencies with appellant's pleadings in the above-captioned appeals.  Appellant opposes the motions, claiming its complaints and claims sufficiently meet the Board's pleading requirements.  For the reasons stated below, the government's motions are denied.

ASBCA No. 62250

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTIONS

        1.  On or about September 30, 2011, the US Army Corps of Engineers (government) and Halbert Construction Company, Inc. (appellant or Halbert) entered into a contract for the construction of a transition center in San Diego, CA (ASBCA No. 62250 (62250) compl. ¶ 4).

        2.  On or about March 20, 2013, the government issued a request for proposal (RFP), titled "Changes," which requested a proposal from appellant that was to cover all work involved in the proposed modification (62250 gov't mot. at 2; 62250 app. opp'n at 2; 62250 compl. ¶ 11, ex. 1 at 1).

1

3. In response to the RFP, appellant submitted pricing to the government. After receiving the pricing, on or about June 24, 2013, the government sent a bilateral modification to Halbert. (62250 gov't mot. at 2; 62250 app. opp'n at 2; 62250 compl. ¶ 11, ex. 1 at 2)

4. Halbert did not accept or sign the bilateral modification, as it did not agree with the information included in the modification (62250 comp. ¶ 11, ex. 1 at 2). As a result, the government issued a unilateral modification (Mod. 3) on or about July 16, 2013. (62250 compl. ¶ 11, ex. 1 at 2)

5. On or about June 3, 2019, appellant submitted its certified claim (which was dated May 13, 2019) to the contracting officer, seeking increased costs, delay, and other issues related to Mod. 3 (62250 compl. ¶ 11, ex. 1).

6. The contracting officer failed to issue a decision on the claim, and appellant filed an appeal with the Board on November 1, 2019. The appeal was docketed as ASBCA No. 62250.

7. Appellant filed its complaint on December 12, 2019. The complaint alleged that (1) a contract existed (62250 compl. ¶ 4); (2) the government owed a duty to appellant under the contract to not "prevent, hinder, or delay Halbert's performance," as well as an "affirmative duty to perform those acts and functions necessary to enable Halbert to perform its work" (62250 compl. ¶ 6); (3) the government breached its obligations (62250 compl. ¶¶ 7-8); and (4) that appellant incurred damages as a result (62250 compl. ¶¶ 9-11). The complaint also attached the certified claim as Exhibit 1, which outlined the factual issues related to Mod. 3 that appellant alleges were the cause of the breach. We find that this complaint meets the basic requirements set forth in Board Rule 6.

<u>DECISION</u>

In its motion to dismiss under this appeal, the government alleges that appellant has failed to state a claim upon which relief can be granted, or, in the alternative, requests the Board "order [appellant] to make a more definite statement of the complaint" (62250 gov't mot. at 1). Specifically, the government states that the complaint "alleges few facts" and goes on to address how the lack of factual allegations leads it to believe a claim has not been sufficiently stated. (62250 gov't mot. at 3-4) The government does not explicitly address the fact that the claim was attached to the complaint and that the claim outlines very specific factual allegations against the government related to Mod. 3 (SOF ¶ 7).

In its opposition, appellant highlights, with supporting case law that the claim should be read with the complaint as a whole (62250 app. opp'n at 4-6). Appellant also states that even without the claim, it has properly alleged breach of contract (62250 app.

opp'n at 7-8) and the government is attempting to add additional pleading requirements to well-established legal standards (62250 app. opp'n at 8-9).

The government's reply to appellant's opposition does little more than reiterate the position it took in its motion, failing to address case law about considering the claim as part of the pleadings.

We addressed the standard for review of a motion to dismiss for failure to state a claim in *Parsons Government Services, Inc.*, ASBCA No. 60663, 17-1 BCA ¶ 36,743 at 179,100-01, stating:

> Dismissal for failure to state a claim upon which relief can be granted is appropriate where the facts asserted in the complaint do not entitle the claimant to a legal remedy. *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). The Board will grant a motion to dismiss for failure to state a claim when the complaint fails to allege facts plausibly suggesting (not merely consistent with) a showing of entitlement to relief. *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In deciding a motion to dismiss for failure to state a claim, "the court must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant." *Kellogg Brown & Root Services, Inc. v. United States*, 728 F.3d 1348, 1365 (Fed. Cir. 2013). In this review, "[w]e decide only whether the claimant is entitled to offer evidence in support of its claims, not whether the claimant will ultimately prevail." *Matcon Diamond, Inc.*, ASBCA No. 59637, 15-1 BCA ¶ 36,144 at 176,407. The scope of our review is limited to considering the sufficiency of allegations set forth in the complaint, "matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record." *A&D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1147 (Fed. Cir. 2014) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)). For purposes of assessing whether an appeal before us states a claim upon which relief can be granted, **the primary document setting forth the claim is not the complaint, *per se*, but the contractor's claim submitted to the contracting officer**. *Lockheed Martin Integrated Systems, Inc.*, ASBCA Nos. 59508, 59509, 17-1 BCA ¶ 36,597 at 178,281. [Footnote omitted]

3

(Emphasis added)

Accordingly, in analyzing the motion to dismiss for failure to state a claim upon which relief can be granted, we will look not only to the complaint, but also to the certified claim that was attached to, and referenced in, the complaint. *See Lockheed Martin Integrated Systems, Inc.*, ASBCA Nos. 59508, 59509, 17-1 BCA ¶ 36,597 at 178,281. To recover for breach of contract, appellant must show:

> (1) a valid contract between the parties; (2) an obligation or duty on the part of the government arising out of the contract; (3) a breach of that duty; and (4) damages caused by the breach. *Lockheed Martin Integrated Systems, Inc.*, ASBCA Nos. 59508, 59509, 17-1 BCA ¶ 36,597 at 178,284 . . . . To succeed, appellant must prove all four of the elements.

*CiyaSoft Corp.*, ASBCA Nos. 59519, 59913, 18-1 BCA ¶ 37,084 at 180,520. A review of the complaint and attached claim leads us to the conclusion that appellant has pled allegations, which, if proven, establish a breach of contract (SOF ¶ 7). Accordingly, the government's motion to dismiss for failure to state a claim upon which relief can be granted is without merit.

With regard to the government's alternative motion requesting that the Board order appellant to make a more definite statement, the Board's rules require only notice pleading. *The Boeing Co.*, ASBCA No. 54853, 12-1 BCA ¶ 35,054 at 172,197-98. Board Rule 6(a) requires the appellant to file "a complaint setting forth simple, concise, and direct statements of each of its claims." The rule goes further to state "no particular form is required." As we have found that appellant's complaint met the requirements of Board Rule 6 (SOF ¶ 7), the government's alternative motion for a more definite statement is misplaced.

### ASBCA No. 62251

### ADDITIONAL STATEMENT OF FACTS FOR PURPOSES OF THE MOTIONS

8. On or about September 7, 2012, appellant and the government entered into a contract for the renovation and expansion of the VA San Diego Healthcare System Research Labs in San Diego, CA (ASBCA No. 62251 (62251) compl. ¶ 4).

9. During the course of performance, the government issued four unilateral modifications (Mods. 6, 9, 10, and 11), all of which extended the contract (62251 compl. ¶¶ 6-9). When added together, the modifications extended the contract by a total of 447 days (62251 compl. ¶ 10).

4

10.  On or about June 3, 2019, appellant submitted a certified claim to the contracting officer for additional costs incurred during performance (62251 compl. ¶ 17). Specifically, appellant requested reimbursement "for all costs associated with Unilateral Modifications 06, 09, 010, and 011 for extended general conditions [and] for added time due to government delay beyond the control and without the fault or negligence of Halbert Construction" (62251 compl. ¶ 17, ex. 1).

11.  The contracting officer failed to issue a decision on the claim, and appellant filed an appeal with the Board on November 1, 2019.  The appeal was docketed as ASBCA No. 62251.

12.  Appellant filed its complaint on December 12, 2019.  The complaint alleged that despite unilaterally extending the contract, the government refused to increase the amount paid to appellant to fully and fairly compensate it (62251 compl. ¶ 10). Appellant also alleged that the government had a duty "not to take any action that would prevent, hinder, or delay Halbert's performance of the work required by the [c]ontract" and "to perform those acts and functions necessary to enable Halbert to perform its work" (62251 compl. ¶ 11).  Appellant claimed the government breached its obligations under the contract, causing appellant to incur additional costs and time (62251 compl. ¶¶ 12-14).  As a result of the incurred costs, appellant submitted a claim to the government, which outlined the additional costs incurred related to Mods. 6, 9, 10, and 11 (62251 compl. ¶¶ 15-17).  The complaint attached the certified claim as Exhibit 1, which provided a description of the amounts appellant claimed it was owed.  We find that the complaint met the requirements set forth in Board Rule 6.

## DECISION

The government moved to dismiss this appeal, asserting that the Board lacks jurisdiction because appellant did not submit a valid claim to the contracting officer (62251 gov't mot. at 3) and that the complaint included factual allegations that were outside of the claim (62251 gov't mot. at 5).  Specifically, the government alleges that the claim did not have enough factual allegations to be considered a proper claim (62251 gov't mot. at 3-4) and that appellant first alleges design errors, changes, delays and impacts to the project, and work outside the scope of the contract in the complaint, not the claim (62251 gov't mot. at 5-6).  The government's other grounds for dismissal, that appellant has failed to state a claim upon which relief can be granted, as well as alternatively requesting that the Board order a more definite statement, are very similar to the arguments made in its motion in ASBCA No. 62250, discussed above (62251 gov't mot. at 6-8).

Appellant opposes the motion, arguing that it submitted a valid claim that met the requirements of the Contract Disputes Act (CDA) 41 U.S.C. § 7103(a-b).  Appellant alleges the claim (1) makes a written demand for compensation related to the additional work appellant had to complete as a result of the government's modifications; (2) it was

submitted within six years of accrual; (3) it was certified; and (4) contained a sum certain (62251 app. opp'n at 6-7). Further, appellant states that the complaint satisfies the Board's pleading requirements because it outlines a breach of contract claim against the government and includes the claim to describe the factual allegations (62251 app. opp'n at 8-11).

The government's reply to appellant's opposition attempts to raise the well-established bar for a claim, stating "the threshold for what is sufficient to constitute a proper claim lies somewhere between Halbert's conclusory and factually empty claim on the one hand and a detailed account or breakdown of the costs on the other" (62251 gov't reply at 4). The rest of the reply reiterates the government's positions outlined in the original motion.

First, we will address the government's argument that the Board lacks jurisdiction over this appeal. The Board's jurisdiction is predicated upon a contractor's submission of a claim to the CO for decision. *See* 41 U.S.C. § 7103(a)(1). While the CDA does not define "claim," the Federal Acquisition Regulation (FAR) defines a claim as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." FAR 2.101.

In this matter, appellant submitted a certified, written demand to the contracting officer for the payment of a sum certain (SOF ¶ 10). While the government alleges this was not enough due to insufficient factual allegations, we disagree. The government's reliance on *James M. Smith, Inc.*, ASBCA No. 31701, 87-1 BCA ¶ 19,369, to make this point, is misplaced. There, the Board found that it lacked jurisdiction because "the essential character of appellant's claims has changed and recertification has become necessary." *Id*. at 97,948. Here, we do not find that the essential character of appellant's claim has changed (SOF ¶ 12). In fact, appellant's complaint incorporates the claim in its entirety, emphasizing that the claim outlined the issues presented. The essential character of the claim is that the unilateral modifications caused appellant increased costs, which is what appellant pled in its complaint (SOF ¶¶ 10, 12).

The government makes a second jurisdictional argument, alleging that additional theories of recovery were provided in the complaint that were not presented as part of the claims (62251 gov't mot. at 6-8). The Board has jurisdiction over claims based on new theories of recovery provided they "arise from the same operative facts as those presented to the CO, seek essentially the same relief, and merely assert differing legal theories for that recovery." *Dawson-Alamo1 JV, LLC*, ASBCA No. 60590, 19-1 BCA ¶ 37,357 at 181,644 (citations omitted). Although the government asserts that the issues raised in the complaint do not derive from the same operative facts, we disagree. The claim clearly outlines, with reference to all relevant documents, the unilateral modifications from which recovery is sought and the reason appellant believes it is entitled to additional costs. These are the same arguments made in the complaint, and all stem from the

6

allegation that the modifications caused appellant to incur additional costs. The relief sought by appellant is identical to what was requested in the claim, and we hold that any new theories presented in the complaint simply assert different legal theories for the same recovery arising from the same operative facts. Accordingly, the government's motion to dismiss this appeal for lack of jurisdiction is denied.

Next, the government requests dismissal for failure to state a claim upon which relief can be granted, similar to the arguments made in the motion to dismiss for ASBCA No. 62250 discussed above. As discussed in the decision for ASBCA No. 62250, we will look not only to the complaint, but also to the certified claim that was attached to, and referenced in, the complaint when determining if appellant has stated a claim upon which relief could be granted. *Parsons Government Services, Inc.*, 17-1 BCA ¶ 36,743 at 179,100-01. When taking the complaint and the claim as a whole, appellant has alleged all four elements required to state a claim for breach of contract (SOF ¶ 12). *See CiyaSoft Corp.*, 18-1 BCA ¶ 37,084 at 180,520. Moreover, we found that the complaint met the requirements of Board Rule 6 (SOF ¶ 12). As such, the government's motions to dismiss this appeal for failure to state a claim upon which relief can be granted and, in the alternative, for a more definite statement, are without merit.

CONCLUSION

The government's motions are denied. The appeals are consolidated for further proceedings. The government is hereby ORDERED to file its answer in the above-captioned appeals within 30 days of the date of this decision.

Dated: May 19, 2021

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

(Signatures continued)

I concur

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

LAURA J. EYESTER
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 62250, 62251, Appeals of Halbert Construction Company, Inc., rendered in conformance with the Board's Charter.

Dated: May 20, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

8